IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRISTAN JENSEN,

                             OPINION AND ORDER

         Plaintiff,

                             20-cv-997-bbc

     v.

ANTHONY BUDREAU, ERIC SWAN,
RED CLIFF BAND OF LAKE SUPERIOR CHIPPEWA
AND PAUL SUSIENKA,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Tristan Jensen filed this lawsuit under 42 U.S.C. § 1983, alleging that defendants violated her rights under the Fourth and Fourteenth Amendments by not providing her access to medical care or allowing her to rinse her eyes, wash her face or drink water for 40 minutes after she had been sprayed twice with pepper spray during the course of her arrest.  Two of the defendants—Eric Swan and Red Cliff Band of Lake Superior Chippewa—have filed a motion to dismiss under Rules 12(b)(5), (6) and (7) of the Federal Rules of Civil Procedure for insufficient service of process, failure to state a claim upon which relief can be granted and failure to join necessary parties under Rule 19.  Dkt. #9. For the reasons below, I will grant defendants' motion to dismiss plaintiff's claims against defendant Red Cliff and official capacity claims against defendant Swan for failure to state a claim.  The motion will be denied on all other grounds.

Plaintiff alleges the following facts in her complaint.

1

ALLEGATIONS OF FACT

Plaintiff Tristan Jensen is an adult resident of Bayfield County, Wisconsin. Defendant Red Cliff Band of Lake Superior Chippewa is a tribal nation located in Bayfield County. Defendant Eric Swan is a patrol officer for the Red Cliff police department.

On or about February 25, 2019, defendant Swan responded to a domestic dispute at plaintiff's house in Bayfield, Wisconsin. Soon after arriving on the scene, Swan deployed two separate blasts of oleoresin capsicum pepper spray at plaintiff, who was inside her basement bathroom. Swan then forcibly escorted plaintiff from her basement to the entryway of her house, where he held her to the ground, applied handcuffs and placed her under arrest.

After plaintiff was in handcuffs, Officer Josh Novak of the City of Bayfield Police Department and defendant Anthony Budreau, a sergeant with the Bayfield County Sheriff Department, arrived on scene. Novak and Swan forcibly escorted plaintiff out of her home and into the back of Swan's patrol vehicle, where she remained under the custody and control of defendants Swan and Budreau until she arrived at the Bayfield County jail. Neither Swan nor Budreau provided plaintiff access to any medical attention or allowed her to drink any water until after she arrived at the Bayfield County jail and completed booking and a breathalyzer test, which was more than forty minutes after she was sprayed. While plaintiff was sitting alone in Swan's patrol vehicle in sub-zero temperatures, Budreau got water for other individuals who were experiencing irritation from the residual pepper spray. Although an ambulance was present at the scene, plaintiff was not offered any medical

2

assistance.

## OPINION

### A.  <u>Service of Process</u>

Defendants argue that plaintiff did not properly serve the tribe because she merely dropped off a copy of the summons and complaint at the Red Cliff police department and no one from the tribe accepted or waived service.  They also contend that plaintiff has not filed a certificate of service or acknowledgment of service with respect to either the tribe or Swan.  Plaintiff points out that under Rule 4(m), she had 90 days from the date of the filing of her complaint, or until January 27, 2021, to complete service.  She explains in her response brief that the summons and complaint were served personally on the tribal chairman on January 19, dkt. #14 (proof of service on Tribal Chairman Richard Peterson), in accordance with Red Cliff Tribal Code § 4.21.1(c) (service of process rules).  <u>Cf.</u> <u>Landreman v. Martin</u>, 191 Wis. 2d 787, 796-97 (Ct. App. 1995) (applying Wisconsin service rules in absence of tribal ordinance regulating service of process).  Defendants do not deny in their reply brief that plaintiff properly served the tribe on January 19.  <u>Ennin v.</u> <u>CNH Industrial America, LLC</u>, 878 F.3d 590, 595 (7th Cir. 2017) (failure to respond to argument results in waiver).  In addition, the tribe answered plaintiff's complaint on February 9, 2021.  Dkt. #20.

Plaintiff also explains that she made several unsuccessful attempts to serve defendant Swan personally and that she planned to serve Swan via certified mail on January 21, 2021,

pursuant to Red Cliff Tribal Code § 4.27.1(f), and via publication on or before January 27, 2021, pursuant to Wis. Stat. § 801.11.  The record shows that plaintiff successfully served Swan by these methods in a timely manner, dkt. ##18 and 21, and that Swan answered the complaint on February 17, 2021, dkt. #22.

Because plaintiff has completed service sufficiently on both defendants, defendants' motion to dismiss the claims against them on this ground will be denied.


B.  Failure to State a Claim

In addressing defendants' Rule 12(b)(6) arguments, the court accepts plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in plaintiff's favor.  Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003). To survive a motion to dismiss under Rule 12(b)(6), plaintiff must allege facts sufficient to state a plausible claim for relief, that is, facts that allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged.  Firestone Financial Corp. v. Meyer, 796 F.3d 822, 826 (7th Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Defendants' sole argument that plaintiff has failed to state a plausible claim for relief is that they are protected by the doctrine of sovereign immunity.  (Although plaintiff appears to interpret defendants' challenge more broadly and discusses the elements of her claims, I decline to do so.)

As a matter of federal law, Indian tribes have sovereign authority traditionally enjoyed by sovereign powers.  Michigan v. Bay Mills Indian Community, 134 S. Ct. 2024, 2030

(2014). Thus, tribes are immune from suit in both state and federal courts unless Congress abrogates the tribe's sovereign immunity or the tribe waives its sovereign immunity. Wells Fargo Bank, National Association v. Lake of the Torches Economic Develeopment Corp., 658 F.3d 684, 689 (7th Cir. 2011) (citing Kiowa Tribe of Okla. v. Manufacturing Technologies, Inc., 523 U.S. 751, 754 (1998)). In the Seventh Circuit, sovereign immunity is not a jurisdictional issue. Meyers v. Oneida Tribe of Indians, 836 F.3d 818, 820 (7th Cir. 2016).

The parties agree that the tribe is a federally-recognized Indian tribe, and plaintiff does not contend that Congress abrogated the tribe's sovereign immunity with respect to § 1983. Rather, plaintiff argues that the tribe has waived its sovereign immunity pursuant to Wis. Stat. §§ 165.92(3) and (3m).

Section 165.92(3) states that unless otherwise provided in a joint program plan under § 165.90(2) or an agreement between a political subdivision of the state and a tribe, a tribe is liable for all acts and omissions of its law enforcement officers while they are acting within the scope of their employment, and "neither the state nor any political subdivision of the state may be held liable for any action of the [tribal] officer" to enforce the laws of the state. Plaintiff points out that even though the Red Cliff tribe entered into an agreement with the Bayfield County Sheriff's Department pursuant to § 165.90, that agreement did not modify the tribe's liability for the acts or admissions of its law enforcement officers. See 2019 Joint Program Plan, dkt. #16-3.

Further, § 165.92(3m)(a) provides that if the tribal law enforcement officer is

5

enforcing laws of the state, the tribe must either:  (1) waive sovereign immunity "to the extent necessary to allow the enforcement in the courts of this state of its liability under sub. (3)"; or (2) maintain adequate liability insurance that provides that the insurer will waive the sovereign immunity defense up to the limits of the insurance policy.  According to plaintiff, defendants' attorney has tendered a claim to the tribe's insurance company, which plaintiff interprets as meaning either that the tribe has waived its sovereign immunity or is violating § 165.92(3m) by not maintaining a policy that provides that the insurer will waive the sovereign immunity.  Although it is not clear whether the tribe waived its sovereign immunity under the state statute, it is not necessary to allow further discovery on this issue because any concession that the tribe may have made to the state does not affect its sovereign immunity as to plaintiff's § 1983 claim.

A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."  Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978).  See also Genskow v. Prevost, 825 Fed. Appx. 388, 390 (7th Cir. 2020) (citing same).  The Supreme Court has made it clear in several cases that "[u]nless and until *Congress* acts, the tribes retain their historic sovereign authority."  Bay Mills, 572 U.S. at 788 (emphasis added and citation omitted).

Plaintiff does not argue that Congress has unequivocally expressed a waiver of tribal sovereign immunity in 42 U.S.C. § 1983 or with respect to constitutional claims brought under that statute.  Rather, she argues that by participating in a joint county-tribal law enforcement program regulated by Wisconsin state law, the tribe has waived its sovereign

6

immunity with regard to § 1983 claims in federal court.  However, Wis. Stat. § 165.92(3m) requires a waiver of tribal sovereign immunity only to the extent necessary to allow enforcement of the tribe's liability in *state* court.  Miller v. Coyhis, 877 F. Supp. 1262, 1267 (E.D. Wis. 1995) (similar finding with respect to previous version of § 165.92).  See also Genskow, 825 Fed. Appx. at 390 ("Because the agreement specifically limits the tribe's liability to suits in Wisconsin *state* courts, an arrangement explicitly permitted under Wis. Stat. 165.92(3), the tribe did not waive its sovereign immunity and thereby consent to suits in *federal* court.") (emphasis added).  Plaintiff points out that unlike in Genskow, 825 Fed. Appx. at 390, the tribe's agreement with the Bayfield County Sheriff's Department did not place any limits on the tribe's concession to liability, meaning that the tribe has accepted liability for the actions of its officers and waived its sovereign immunity.  However, plaintiff has not presented any authority for plaintiff's broad contention.  At most, the tribe has consented to liability in state court.  The Wisconsin statutes say nothing about § 1983 actions in federal court.  In fact, the Supreme Court has specified that "tribal immunity is a matter of federal law and is not subject to diminution by the States."  Id. at 789.

For these reasons, I conclude that defendant Red Cliff Band of Lake Superior Chippewa has not waived its sovereign immunity with respect to plaintiff's § 1983 claims against it in this court.  Accordingly, plaintiff's claim against that defendant will be dismissed.  Because claims brought against employees in their official capacity are considered claims against the entity of which the employee is an agent, Lewis v. Clarke, 137 S. Ct. 1285, 1290-91 (2017), plaintiff's official capacity claim against defendant Swan also will be

dismissed.

On the other hand, "officers sued in their personal capacity come to court as individuals," Hafer v. Melo, 502 U.S. 21, 27 (1991), and the real party in interest is the individual, not the sovereign." Lewis, 137 S. Ct. at 1291. Therefore, "sovereign immunity 'does not erect a barrier against suits to impose individual and personal liability.'" Id. (quoting Hafer, 502 U.S. at 30-31, and citing Alden v. Maine, 527 U.S. 706, 757 (1999)). Cf. Genskow, 825 Fed. Appx. at 391 (Distinguishing Lewis and finding tribe was real party in interest because the "tribal member [plaintiff] seeks to hold individual tribal officers liable for using excessive force while removing her from a meeting of the Nation's governing body on tribal land at the Tribal Chairman's direction."). As plaintiff points out, defendants did not argue in their motion that defendant Swan cannot be held liable in his individual capacity or that he was not acting under the color of state law when he deployed the pepper spray and took plaintiff into custody. Although they make a cursory argument in their reply brief that plaintiff has not shown that Swan was acting under the color of state law, they have forfeited that argument. Hernandez v. Cook County Sheriff's Office, 634 F.3d 906, 913 (7th Cir. 2011) ("It is well established in our precedents that skeletal arguments may be properly treated as waived, as may arguments made for the first time in reply briefs[.]").

In any event, contrary to defendants' suggestion, at this stage of the litigation, plaintiff only has to state a plausible claim for relief against Swan under § 1983. Plaintiff's allegations that the tribe and county were engaged in a joint law enforcement plan, that all defendants were acting under state law and that plaintiff was transported to and booked in

the Bayfield County jail are sufficient to suggest that defendant Swan was acting under state and not tribal law during the incident in question.  In addition, plaintiff points to:  (1) public state court records showing that she was arrested and charged with violations of state law in Bayfield County case no. 19CF27, dkt. #16-1; and (2) the 2019 Joint Program Plan between the tribe and the Bayfield County Sheriff's Office, dkt. #16-3, and Red Cliff Tribal Resolution 11-29-18A, dkt. #16-2, provide for cooperative and adequate law enforcement services between the tribe and the county.  Ennenga v. Starns, 677 F.3d 766, 773-74 (7th Cir. 2012) (court may take judicial notice of matters of public record and facts generally known or capable of accurate and ready determination without converting motion to dismiss into motion for summary judgment).  Accordingly, defendants' motion will be denied to the extent that it seeks to dismiss plaintiff's individual capacity claim against defendant Swan for failure to state a claim upon which relief may be granted.

## C. Required Joinder of Parties

Rule 19 requires that a person must be joined as a party if "in that person's absence, the court cannot accord complete relief among existing parties" or disposing of the action will "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations."  Defendants argue without further explanation that Officer Novak and his employer, the City of Bayfield, are necessary parties because plaintiff alleges that Novak participated in forcibly removing her from her home after she was handcuffed.  However, as plaintiff explains, neither Novak nor the city has asserted any

9

interest in the subject of this lawsuit, and plaintiff may obtain complete relief from the existing defendants if her lawsuit is successful.  See Roberts v. City of Fairbanks, 947 F.3d 1191, 1204-05 (9th Cir. 2020) (finding same with respect to State of Alaska).  Moreover, as plaintiff explains and defendants fail to dispute, her claim is based on her treatment, or lack thereof, while she was in the custody of Swan and Budreau and not on her removal from her home.  According to plaintiff, she is not aware of any actions that would subject either Novak or the City of Bayfield to liability for violating her constitutional rights.

As the Court of Appeals for the Seventh Circuit has explained, "[a] victim of wrongdoing is not generally required to sue all the wrongdoers."  Rhone-Poulenc Inc. v. International Insurance Co., 71 F.3d 1299, 1301 (7th Cir. 1995).  Further, "[a] party is indispensable only if it would be unjust (against "equity and good conscience," in the words of the rule) to allow the litigation to proceed in his absence."  Id.  Without more, defendants have failed to carry their burden of showing that Novak and the City of Bayfield are necessary parties in this lawsuit.  In re Veluchamy, 879 F.3d 808, 819 n.4 (7th Cir. 2018) (party advocating for joinder has burden to establish absent person's interest).  Accordingly, defendants' motion to dismiss for failure to join necessary parties will be denied.


ORDER

IT IS ORDERED that the motion to dismiss filed by defendants Eric Swan and Red Cliff Band of Lake Superior Chippewa, dkt. #9, is GRANTED in part and DENIED in part:

1.  Plaintiff's claims against defendant Red Cliff and plaintiff's official capacity claims

against defendant Swan are DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.  Defendant Red Cliff is DISMISSED.

2.  Defendants' motion is DENIED in all other respects.

Entered this 20th day of April, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

11